Robert P. Goe – State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Bldg. D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
cmanee@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>Debtor and Debtor in Possession. | Case No.  8:22-bk-12142-SC<br><br>Chapter 11 Case<br><br>Adv. Case No.: 8:24-ap_____-SC |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>                 Plaintiff,<br>-vs-<br><br>ZOOM MEDIA CONNECT, ZOOM MEDIA CORP., a Delaware company, META PLATFORMS, INC., DOING BUSINESS AS META, a California corporation, SPECTRUM REACH, LLC, a Delaware limited liability company, NEXSTAR BROADCASTING INC., CLEAR CHANNEL OUTDOOR HOLDINGS INC., a Delaware Corporation, LIGHTMARK MEDIA, NBCUNIVERSAL MEDIA LLC, NBCUNIVERSAL LLC, EFFECTV ADVERTISING SOLUTIONS, FOSTER & FOSTER REALTY INC., ADVANCE REAL ESTATE & CONSTRUCTION SOLUTIONS CORPORATION, RAYSHON ANDREW FOSTER, an individual, SONJA FOSTER, an individual and DOES 1-10,<br><br>                 Defendants. | **COMPLAINT FOR:**<br><br>1) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05;**<br>2) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br>3) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(1);**<br>4) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br>5) **RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; and**<br>6) **DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502** |

The Official Committee of Unsecured Creditors of the bankruptcy estate of 2ND Chance Investment Group, LLC ("Debtor"), and Plaintiff in this adversary proceeding ("Committee" or "Plaintiff"), respectfully alleges as follows:

## I.    SUBJECT MATTER JURISDICTION AND VENUE

1.    This adversary proceeding arises in and relates to the Debtor's pending chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group, LLC.*, Case No. 8:22-bk-12142-SC ("Bankruptcy Case").

2.    On December 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

3.    This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334.

4.    This action is a core proceeding under 28 U.S.C. § 157(b).  Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to the Bankruptcy Court entering final a judgment and/or order.

5.    This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt.  Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c) because the Bankruptcy Case is pending in the Central District of California.

6.    To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff asserts that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or not allowable under 11 U.S.C. § 502(e), who can avoid the prospective transfers as set forth hereinafter under California or other applicate state or federal law.

## II.    THE PARTIES

7.    Plaintiff was appointed as the Creditors' Committee on February 6, 2023.  Pursuant to the Bankruptcy Court's *Order Approving Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* entered on March 22, 2023 in the Bankruptcy Case at Docket Entry No. 77, the terms of which were incorporated into the *Debtor's First Amended Liquidating Plan as Modified* [Docket No. 296 in the Bankruptcy Case] (the "Plan"), which was

confirmed by the *Order Confirming Debtor's First Amended Chapter 11 Liquidating Plan As Modified* entered on February 12, 2024 [Docket No. 381 in the Bankruptcy Case] ("Confirmation Order"), Plaintiff is the representative of the bankruptcy estate whose authority, subject to limitations not relevant to the claims stated herein, includes, but is not limited to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510, 544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy law.  Plaintiff is also empowered to prosecute, pursue, and resolve all claims held by the estate and objections to claims in the Bankruptcy Case.

8.      Plaintiff brings this action solely for the benefit of the estate created by the liquidating trust formed pursuant to the Plan and Confirmation Order, and the beneficiaries thereof, which includes the Debtor's creditor body.

9.      By virtue of Plaintiff consisting of a committee of creditors, Plaintiff may not have personal knowledge of many of the facts alleged in this Complaint and, therefore, where appropriate, alleges certain facts on information and belief.  Plaintiff reserves its right to amend this Complaint to allege additional claims against the Defendants (defined below) and to challenge and recover transfers made to or for the benefit of the Defendants in addition to those transfers alleged in the Complaint.

10.      On and before the Petition Date, and continuing to the present, on information and belief, Defendants ZOOM MEDIA CONNECT and ZOOM MEDIA CORP., a Delaware company, (collectively, "Zoom") are affiliated advertising companies doing business in the State of California.

11.      On and before the Petition Date, and continuing to the present, on information and belief, Defendant META PLATFORMS, INC., DOING BUSINESS AS META, a California corporation ("Meta"), is an American multinational technology conglomerate based in Menlo Park, California. On further information and belief, Meta owns and operates Facebook, Instagram, Threads, and WhatsApp, among other products and services and generates revenues primarily through online advertising sales. On further information and belief, Meta was originally called Facebook, Inc., but was rebranded to its current name in 2021.

12.     On and before the Petition Date, and continuing to the present, on information and belief, Defendant SPECTRUM REACH, LLC, ("Spectrum") was a Delaware limited liability company, doing business in the State of California. According to its website,

> Spectrum Reach is the advertising sales business of Charter Communications, providing personalized solutions for local, regional, and national clients. Operating in 36 states and 91 markets, and reaching 30+ million households, Spectrum Reach creates scalable advertising and marketing services, driven by privacy-compliant data insights and award-winning creative services. We help businesses of all sizes reach anyone, anywhere, on any screen—efficiently and affordably.

13.     On and before the Petition Date, and continuing to the present, on information and belief, Defendant NEXSTAR BROADCASTING INC. ("Nextstar") is a company based in Irving, Texas and while not registered to do business here, is a company doing business in the State of California. On information and belief, Nexstar is an advertising company.

14.     On and before the Petition Date, and continuing to the present, on information and belief, Defendant LIGHTMARK MEDIA ("Lightmark") is an advertising company based in Athens, Georgia, is not registered to do business in California but conducts business in California.

15.     On and before the Petition Date, and continuing to the present, on information and belief, Defendant CLEAR CHANNEL OUTDOOR HOLDINGS INC. ("CCOH"), is a Delaware Corporation headquartered in San Antonio Texas, and does business in the State of California. On information and belief, CCOH is an advertising company.

16.     On and before the Petition Date, and continuing to the present, on information and belief, Defendants NBCUNIVERSAL MEDIA LLC and NBCUNIVERSAL LLC ("Collectively, "NBCU") are media companies located in New York City, New York and are registered to do business in California and are in the advertising business.

17.     On and before the Petition Date, and continuing to the present, on information and belief, Defendant EFFECTV ADVERTISING SOLUTIONS ("Effectv"), is an advertising company based in Mechanicsburg, Pennsylvania, is not registered to do business in California but conducts business in California.

18.     On information and belief, Defendant Advance Real Estate & Construction Solutions Corporation ("Advance") is a California corporation formed in 2017 and owned, at all times, by Rayshon Foster ("R. Foster"), possibly jointly with Sonja Foster ("S. Foster"), the

1    current or former spouse of R. Foster.

2         19.     On information and belief, Defendant Foster & Foster Realty Company, Inc.

3    (F&FRC") was a real estate related entity formed in 2018 in the State of California by S. Foster

4    and R. Foster, and at all times relevant to this Complaint, was exclusively owned and operated by

5    R. Foster and S. Foster.

6         20.     Defendant R. Foster is an individual and, according to the Debtor's List of Equity

7    Security Holders [Docket No. 1 in the Bankruptcy Case at page 10 of 54], is the sole member of

8    the Debtor and at all times was a person in control of the Debtor.

9         21.     S. Foster is or was, at all times relevant to this Complaint, the spouse of R. Foster

10   (together, the "Fosters") and upon information and belief, was a person in control of the Debtor.

11   Additionally, notwithstanding the Debtor's filed List of Equity Security Holders, the Debtor

12   asserted in filings in the Bankruptcy Case [Docket Nos. 268 and 269] that S. Foster is a 48%

13   owner of the Debtor.

14        22.     Zoom, Meta, Spectrum, Nextstar, Lightmark, NBCU, CCOH, Effectv, Advance,

15   F&FRC and the Fosters shall from hereon, at times, collectively be referred to as the

16   "Defendants."

### III.  GENERAL ALLEGATIONS

18        23.     The allegations contained in paragraphs 1-22, inclusive, are re-alleged and

19   incorporated herein by this reference, as though set forth in full.

20        24.     During the four years prior to the Petition Date, the Debtor was caused to transfer

21   funds directly to Zoom in the aggregate, net amount of at least $66,545 ("Zoom Transfers"). An

22   itemized listing of the Zoom Transfers, including details describing salient aspects of each

23   individual transfer, is attached hereto as **Exhibit "1"** and is incorporated herein.

24        25.     During the four years prior to the Petition Date, the Debtor was caused to transfer

25   funds directly to Meta in the aggregate, net amount of at least $50,862.84 ("Meta Transfers"). An

26   itemized listing of the Meta Transfers, including details describing salient aspects of each

27   individual transfer, is attached hereto as **Exhibit "2"** and is incorporated herein.

28        26.     During the four years prior to the Petition Date, the Debtor was caused to transfer

funds directly to Spectrum in the aggregate, net amount of at least $48,771.45 ("Spectrum Transfers"). An itemized listing of the Spectrum Transfers, including details describing salient aspects of each individual transfer, is attached hereto as **Exhibit "3"** and is incorporated herein.

27.    During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to Nextstar in the aggregate, net amount of at least $47,500 ("Nextstar Transfers"). An itemized listing of the Nextstar Transfers, including details describing salient aspects of each individual transfer, is attached hereto as **Exhibit "4"** and is incorporated herein.

28.    During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to Lightmark in the aggregate, net amount of at least $22,495.44 ("Lightmark Transfers"). An itemized listing of the Lightmark Transfers, including details describing salient aspects of each individual transfer, is attached hereto as **Exhibit "5"** and is incorporated herein.

29.    During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to NBCU in the aggregate, net amount of at least $20,069.50 ("NBCU Transfers"). An itemized listing of the NBCU Transfers, including details describing salient aspects of each individual transfer, is attached hereto as **Exhibit "6"** and is incorporated herein.

30.    During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to CCOH in the aggregate, net amount of at least $45,000 ("CCOH Transfers"). An itemized listing of the CCOH Transfers, including details describing salient aspects of each individual transfer, is attached hereto as **Exhibit "7"** and is incorporated herein.

31.    During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to Effectv in the aggregate, net amount of at least $18,623.75 ("Effectv Transfers"). An itemized listing of the Effectv Transfers, including details describing salient aspects of each individual transfer, is attached hereto as **Exhibit "8"** and is incorporated herein.

32.    The Zoom Transfers, Meta Transfers, Spectrum Transfers, Nextstar Transfers, Lightmark Transfers, NBCU Transfers, CCOH Transfers, and Effectv Transfers shall, from hereon, collectively at times be referred to as the "Transfers".

33.    The Transfers were transfers of money from the Debtor's corporate American Express credit card ("Amex Card").

34.     Plaintiff is informed and believes that, during the four years leading up to the Petition Date, the Fosters caused the Debtor to make the Transfers for their personal financial benefits or for the benefits of Advance and F&FRC. The Transfers were not made for any legitimate business purpose of the Debtor.

35.     Indeed, R. Foster admitted to using the Debtor's funds and property to pay for advertising expenses of non-Debtor entities which he and/or S. Foster owned.

36.     The Transfers were made directly to the Defendants, respectively, for the benefit of the Fosters, Advance, and/or F&FRC.

37.     Plaintiff is informed and believes that the Transfers were intended to disguise the Fosters' plan to strip the Debtor of its assets and hide the value of those assets or money under third party names in order to defraud creditors by siphoning assets of the Debtor and using those for the personal benefits of the Fosters or other entities they owned, as well as to hinder, delay and avoid paying Debtor's genuine creditors.

38.     Upon information and belief, at all times relevant to this Complaint, creditors of the Debtor (holding unsecured claims allowable within the meaning of Sections 502 and 544(b) of the Bankruptcy Code) existed that could have avoided the Transfers described herein under applicable state voidable transfer law including, but not limited to, California Civil Code § 3439 *et seq.*

## FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(2), 3439.05 Against All Defendants)**

39.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38 as though set forth in full.

40.     The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date to or for the benefit of the Defendants, on the dates and in the amounts set forth in Exhibits 1 through 8 to this Complaint.

41.     When the Transfers were made, the Debtor was aware of its mounting debts.

42.     The Debtor received less than reasonably equivalent value in exchange for the Transfers and in fact received no value for the Transfers.

43. The Debtor was insolvent when the Transfers were made or it became insolvent as a result of the Transfers.

44. Indeed, when the Debtor filed its bankruptcy petition, it had accumulated over $8.7 million in unpaid liabilities and its attempted liquidation of its real estate assets yielded less than half a million dollars in net proceeds. Indeed, the entire period during which the Debtor was operating, the Debtor owed far more to creditors, secured and unsecured, than it ever owned in valuable property. This is because Debtor tended to acquire real properties using secured loans, including purchase money loans, but also was incurring substantial unsecured liabilities to acquire these properties. During its operations, Debtor was unable to return payment of principal to its unsecured lenders, and defaulted in payment of its secured loans. Debtor also owned no other assets of any substantial value beyond real estate and cars, both categories of which assets had little to no equity due to Debtor having acquired the same with using secured debt.

45. At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

46. The Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §548(a)(1)(B) Against All Defendants)

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 as though set forth in full.

48. The Transfers were transfers of the Debtor's property.

49. As reflected in Exhibits 1 through 8, the Transfers were made within two (2) years preceding the Petition Date (i.e., from December 21, 2020 through December 21, 2022).

50. When the Transfers were made, the Debtor was aware of its mounting debts.

51. Debtor received less than reasonably equivalent value in exchange for the Transfers and in fact received no value from the Defendants on account of the Transfers.

52.     Debtor was insolvent when the Transfers were made or became insolvent as a result of the Transfers.

53.     At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

54.     The Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

### THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(1) Against All Defendants)**

55.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 54 as though set forth in full.

56.     The California's Uniform Voidable Transactions Act provides, inter alia, that a transfer is fraudulent as to a creditor, regardless of when the creditor's claim arose, if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor. (*See* California Civil Code §3439.04 California Civil Code §3439.04(a)(1).)

57.     As long as the debtor had the requisite fraudulent intent, a transfer will qualify as an actually fraudulent transfer, even if reasonably equivalent value was provided. Because §3439.04(a)(1)'s language regarding the debtor's state of mind is in the disjunctive, intent to defraud a creditor is not required. Either an intent to hinder or an intent to delay a creditor will also suffice.

58.     The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date. The Transfers were made on the dates and in the amounts reflected on Exhibits 1 through 8 to this Complaint.

59.     The Transfers were all made for the benefit of the Fosters, Advance and/or F&FRC, who are all statutory insiders of the Debtor.

60.     The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors and were payments made improperly to enrich the Fosters at the expense of the Debtor's legitimate creditors.

61.     The Fosters, both authorized users of the Debtor's Amex Card, habitually used the Debtor's funds and property to fund their lavish lifestyle, causing the Debtor to pay hundreds of thousands of dollars toward their own personal credit card liabilities or for their own enrichment or that of their non-Debtor entities, Advance and F&FRC, including by making the Transfers. By way of example of the pattern and practice of the Fosters' usage of the Debtor's funds and property, they caused the Debtor to buy personal jewelry for Mrs. Foster, paid their child's private school tuition with Debtor's funds, paid for personal vehicles, and received well over a million dollars in cash from the Debtor in addition to these sums. All of this was done when the Debtor's creditors were being left unpaid and/or without prospect of payment in the future.

62.     The Transfers were concealed in that Debtor failed to disclose them in its Statement of Financial Affairs or otherwise, although Rayshon Foster has since admitted to paying for personal expenses with the Debtor's property as well as using the Debtor's funds to purchase advertising for non-Debtor entities.

63.     The Transfers were made in furtherance of the scheme of the Fosters, the persons in control of the Debtor, to defraud the creditors of the Debtor.

64.     Based on the foregoing, Plaintiff is entitled to an order and/or judgment avoiding the Transfers.

**FOURTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 548(a)(1),**

**Against All Defendants)**

65.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 64 as though set forth in full.

66.     Bankruptcy Code section 548(a)(1)(A) provides that a transfer is fraudulent as to a creditor if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor.

67.     The Transfers were transfers of the Debtor's property made within two (2) years preceding the Petition Date to RE Investor and for the benefit of the Fosters, Advance, and/or F&FRC.

68.    The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors.

69.    Based on the foregoing, Plaintiff is entitled to an order and/or judgment avoiding the Transfers.

<u>**FIFTH CLAIM FOR RELIEF**</u>

**(Recovery of Voidable Transfers Pursuant to 11 U.S.C. § 550 Against All Defendants)**

70.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 69 as though set forth in full.

71.    Based on the foregoing claims for relief and the facts set forth herein, the Transfers are all recoverable by Plaintiff.

72.    The Transfers are recoverable from the Defendants pursuant to 11 U.S.C. § 550(a) or Plaintiff is entitled to a judgment requiring payment by Defendants to Plaintiff of the value of the Transfers.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**(Disallowance of Claims Pursuant to 11 U.S.C. § 502 Against All Defendants)**

73.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 72 as though set forth in full.

74.    Defendants have not paid the amount of the Transfers, or any part of them, nor turned over such property, for which Defendants are liable under 11 U.S.C. §550.

75.    Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's estate and/or liquidating trust must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

76.    Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants and/or their assignees against the Debtor's estate previously allowed must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers which have been avoided under 11 US.C. § 550.

\\\

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

### ON THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF

1.    For judgment avoiding the Transfers.

### ON THE FIFTH CLAIM FOR RELIEF

2.    For recovery of the Transfers or their value in the form of a money judgment.

### ON THE SIXTH CLAIM FOR RELIEF

3.    Judgment disallowing, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims held by Defendants and/or their assignees until Defendants satisfy the judgment granted in this action.

### ON ALL CLAIMS FOR RELIEF

4.    For interest as permitted by law from the date of the Transfers;

5.    For costs of suit incurred herein, including, without limitation, attorneys' fees; and

6.    For such other and further relief as the Court deems just and proper.

Dated: December 19, 2024                    **Respectfully submitted by,**

                                                            **GOE FORSYTHE & HODGES LLP**


                                                            By: /s/*Robert P. Goe*
                                                                Robert P. Goe
                                                                Charity J. Manee
                                                                Counsel to Official Committee of
                                                                Unsecured Creditors

# EXHIBIT 1

# EXHIBIT 1

**In Re: 2nd Chance Investment Group, LLC**
**Case Number: 8:22-bk-12142-SC**
**Charge/Purchase related to Zoom Media Connect**
**Source: American Express Statements for Account xx2-91007**
**Date Range: June 11, 2021 to October 12, 2022**

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 6/25/2021 | 15,410.00 | ZOOM MEDIA CONNECT 115246001109158 PITTSBURGH PA412-787-2221 |
| 2nd Chance Investment | 6/30/2021 | 933.00 | ZOOM MEDIA CONNECT 115246001109158 PITTSBURGH PA412-787-2221 |
| 2nd Chance Investment | 7/29/2021 | 933.00 | ZOOM MEDIA CONNECT 115246001109158 PITTSBURGH PA412-787-2221 |
| 2nd Chance Investment | 8/23/2021 | 16,423.00 | ZOOM MEDIA CONNECT 115246001109158 PITTSBURGH PA412-787-2221 |
| 2nd Chance Investment | 9/23/2021 | 16,423.00 | ZOOM MEDIA CONNECT 115246001109158 PITTSBURGH PA412-787-2221 |
| 2nd Chance Investment | 10/25/2021 | 16,423.00 | ZOOM MEDIA CONNECT 115246001109158 PITTSBURGH PA412-787-2221 |
| | Total | 66,545.00 | |

EXHIBIT 1

# EXHIBIT 2

# EXHIBIT 2

**In Re: 2nd Chance Investment Group, LLC**
**Case Number: 8:22-bk-12142-SC**
**Charge/Purchase related to Facebook**
**Source: American Express Statements for Account xx2-91007**
**Date Range: June 11, 2021 to October 12, 2022**

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 5/20/2021 | 1.26 | FACEBK*85ZSK4XQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 5/20/2021 | 900.00 | FACEBK*4TBBE4FQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 5/29/2021 | 900.00 | FACEBK*RS25Z4BQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/7/2021 | 900.00 | FACEBK*CFPWT57RS2 MENLO PARKGOODS/SERVICES |
| 2nd Chance Investment | 6/11/2021 | 900.00 | FACEBK*MCRU65KQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/15/2021 | 900.00 | FACEBK*S72T95XQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/20/2021 | 900.00 | FACEBK*44W7D5KQS2 MENLO PARKGOODS/SERVICES |
| 2nd Chance Investment | 6/20/2021 | 62.19 | FACEBK* JXLS75FQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/24/2021 | 900.00 | FACEBK*UE2P967RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/28/2021 | 900.00 | FACEBK*EQ2FE5FQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/3/2021 | 900.00 | FACEBK*FJ8U863RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/7/2021 | 900.00 | FACEBK*55VN36TQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/11/2021 | 900.00 | FACEBK*HX7EN5PQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/13/2021 | 900.00 | FACEBK*VKXPX5XQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/14/2021 | 900.00 | FACEBK*4SDWR67RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/15/2021 | 900.00 | FACEBK*S7EWS67RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/17/2021 | 899.95 | FACEBK*MB3VT67RS2 MENLO PARKGOODS/SERVICES |
| 2nd Chance Investment | 7/18/2021 | 900.00 | FACEBK*ZAMN36XQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/19/2021 | 900.00 | FACEBK*WZEB46KQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/20/2021 | 900.00 | FACEBK*BKZ556KQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/20/2021 | 76.25 | FACEBK*Q7GE56KQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/21/2021 | 900.00 | FACEBK*5WCJP63RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/22/2021 | 900.00 | FACEBK*L89MX5PQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/24/2021 | 900.00 | FACEBK*HGCPR63RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/25/2021 | 900.00 | FACEBK*DDEDE6BQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/26/2021 | 900.00 | FACEBK*ENES267QS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/27/2021 | 900.00 | FACEBK*H4FR477RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/28/2021 | 900.00 | FACEBK*XYCFV7BRS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/29/2021 | 900.00 | FACEBK*C4NL76FQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/30/2021 | 900.00 | FACEBK*W8E2E6KQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/31/2021 | 900.00 | FACEBK*9KYD96FQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 8/2/2021 | 900.00 | FACEBK*3P3WL6BQS2 MENLO PARKGOODS/SERVICES |
| 2nd Chance Investment | 8/6/2021 | 900.00 | FACEBK*2QM5U6TQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 8/15/2021 | 900.00 | FACEBK*EH9WT6XQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 8/20/2021 | 332.18 | FACEBK*G7LFG8BRS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 9/2/2021 | 900.00 | FACEBK*TQ8JK7TQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 9/12/2021 | 900.00 | FACEBK*VRKZL7KQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 9/20/2021 | 901.96 | FACEBK*6BVSB9BRS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 9/26/2021 | 900.00 | FACEBK*3X9JQ77QS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 10/1/2021 | 900.00 | FACEBK*6HH8P83RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 10/7/2021 | 900.00 | FACEBK*KV43C8KQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 10/11/2021 | 900.00 | FACEBK*QJJT58PQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 10/16/2021 | 900.00 | FACEBK*Z9P7K8XQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 10/20/2021 | 619.68 | FACEBK*55UCD8PQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 10/23/2021 | 891.14 | FACEBK*VV9PV8BQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 10/27/2021 | 900.00 | FACEBK*SWH4V8XQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 11/1/2021 | 900.00 | FACEBK*VN4PU8FQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 11/4/2021 | 716.79 | FACEBK*ZYPYX8FQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 11/5/2021 | 3.74 | FACEBK*476QY8FQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 11/8/2021 | 157.78 | FACEBK*KVE489XQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 11/9/2021 | 4.22 | FACEBK*CMYVA9KQS2 MENLO PARKADVERTISING SERVICE |

EXHIBIT 2

In Re: 2nd Chance Investment Group, LLC
Case Number: 8:22-bk-12142-SC
Charge/Purchase related to Facebook
Source: American Express Statements for Account xx2-91007
Date Range: June 11, 2021 to October 12, 2022

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 11/14/2021 | 900.00 | FACEBK*PBG8H9BQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 11/20/2021 | 900.00 | FACEBK*SFRS3A3RS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 11/20/2021 | 4.10 | FACEBK*3GKA2BBRS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 11/27/2021 | 900.00 | FACEBK*B6JPV9BQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 12/5/2021 | 900.00 | FACEBK*WAATFBBRS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 12/12/2021 | 900.00 | FACEBK*SS7UV9PQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 12/13/2021 | 2.00 | FACEBK*3QBAJ83E22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/13/2021 | 2.00 | FACEBK *9RBP68TD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/13/2021 | 2.00 | FACEBK*EKXXD8FE22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/13/2021 | 3.00 | FACEBK*2C72E8FE22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/14/2021 | 10.00 | FACEBK *W2W6D8KD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/14/2021 | 3.00 | FACEBK *6PJHTAXD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/14/2021 | 5.00 | FACEBK *WR6MTAXD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/14/2021 | 7.00 | FACEBK*CZ4YJ83E22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/15/2021 | 15.00 | FACEBK *U63MVAXD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/16/2021 | 15.00 | FACEBK *C8JTWAXD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/17/2021 | 25.00 | FACEBK*B7QBYAXD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/19/2021 | 35.00 | FACEBK*FR4T2BXD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/20/2021 | 900.00 | FACEBK*MCQ5CAFQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 12/20/2021 | 38.21 | FACEBK*9EJZGAXQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 12/22/2021 | 50.00 | FACEBK*A4DZCCPD22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 12/30/2021 | 900.00 | FACEBK*TUPY2BTQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 1/9/2022 | 900.00 | FACEBK*AN859BBQS2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 1/13/2022 | 2.95 | FACEBK*BCRHQ97E22 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 6/28/2022 | 150.00 | FACEBK*TU437HF5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/28/2022 | 150.00 | FACEBK*XKA7MF76M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/28/2022 | 150.00 | FACEBK*AHVMAGK5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/28/2022 | 158.83 | FACEBK*E9FYHEK6M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 6/28/2022 | 150.00 | FACEBK*45SEJEK6M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/11/2022 | 150.00 | FACEBK*GXSNHHF5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/11/2022 | 150.00 | FACEBK*W3JU8GB6M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/12/2022 | 150.00 | FACEBK*K3FUAFX5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/12/2022 | 150.00 | FACEBK*TZAYAFX5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/12/2022 | 150.00 | FACEBK*9L3D9GB6M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/12/2022 | 150.00 | FACEBK*MPA2VEK6M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/13/2022 | 150.00 | FACEBK*GTT4PGK5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/13/2022 | 150.00 | FACEBK*WZYU9GB6M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/13/2022 | 150.00 | FACEBK*VZPBNGK5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/13/2022 | 150.00 | FACEBK*6F8XQFP5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/13/2022 | 150.00 | FACEBK*8EWGCFX5M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 7/14/2022 | 167.61 | FACEBK*BCVNPGK5M2 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 7/16/2022 | 150.00 | FACEBK*BNWBUFP5M2 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 7/17/2022 | 150.00 | FACEBK*LX7BGFF6M2 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 7/19/2022 | 150.00 | FACEBK*Q23CRHF5M2 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 7/19/2022 | 150.00 | FACEBK*YWM53FK6M2 FB.ME/ADS CAFACEBOOK ADVERTISING |
| 2nd Chance Investment | 8/2/2022 | 250.00 | FACEBK*KSQ7TF36M2 MENLO PARKADVERTISING SERVICE |
| 2nd Chance Investment | 8/2/2022 | 250.00 | FACEBK*N5FMTF36M2 MENLO PARKADVERTISING SERVICE |
| | **Total** | **50,862.84** | |

EXHIBIT 2

# EXHIBIT 3

# EXHIBIT 3

**In Re: 2nd Chance Investment Group, LLC**

**Case Number: 8:22-bk-12142-SC**

**Charge/Purchase related to Spectrum Reach**

**Source: American Express Statements for Account xx2-91007**

**Date Range: June 11, 2021 to October 12, 2022**

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 7/15/2021 | 8,933.70 | SPECTRUM REACH CHARLOTTE NCINTERNET ADS |
| 2nd Chance Investment | 7/24/2021 | 3,999.90 | SPECTRUM REACH CHARLOTTE NCINTERNET ADS |
| 2nd Chance Investment | 9/2/2021 | 35,837.75 | SPECTRUM REACH CHARLOTTE NCINTERNET ADS |
| | | **48,771.35** | |

EXHIBIT 3                                    Page 1 of 1

# EXHIBIT 4

# EXHIBIT 4

**In Re: 2nd Chance Investment Group, LLC**

**Case Number: 8:22-bk-12142-SC**

**Charge/Purchase related to Nexstar**

**Source: American Express Statements for Account xx2-91007**

**Date Range: June 11, 2021 to October 12, 2022**

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 6/30/2022 | 47,500.00 | NEXSTAR 650000011223578 IRVING TX9723838800 |
| | Total | 47,500.00 | |

EXHIBIT 4                    Page 1 of 1

# EXHIBIT 5

# EXHIBIT 5

**In Re: 2nd Chance Investment Group, LLC**
**Case Number: 8:22-bk-12142-SC**
**Charge/Purchase related to Clear Channel Outdoor**
**Source: American Express Statements for Account xx2-91007**
**Date Range: June 11, 2021 to October 12, 2022**

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 8/9/2021 | 16,500.00 | CLEAR CHANNEL OUTDOOR 4301 SAN ANTONIO TX877-676-7565 |
| 2nd Chance Investment | 9/13/2021 | 12,000.00 | CLEAR CHANNEL OUTDOOR 4301 SAN ANTONIO TX877-676-7565 |
| 2nd Chance Investment | 10/7/2021 | 16,500.00 | CLEAR CHANNEL OUTDOOR 4301 SAN ANTONIO TX877-676-7565 |
| | **Total** | **45,000.00** | |

EXHIBIT 5    Page 1 of 1

# EXHIBIT 6

# EXHIBIT 6

**In Re: 2nd Chance Investment Group, LLC**

**Case Number: 8:22-bk-12142-SC**

**Charge/Purchase related to In Lightmark Media**

**Source: American Express Statements for Account xx2-91007**

**Date Range: June 11, 2021 to October 12, 2022**

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 7/1/2021 | 2,615.00 | IN *LIGHTMARK MEDIA ATHENS GA5194 306012 |
| 2nd Chance Investment | 8/2/2021 | 2,740.00 | IN *LIGHTMARK MEDIA ATHENS GA5238 306012 |
| 2nd Chance Investment | 9/1/2021 | 3,103.98 | IN *LIGHTMARK MEDIA ATHENS GA5276 306012 |
| 2nd Chance Investment | 10/1/2021 | 4,062.17 | IN *LIGHTMARK MEDIA ATHENS GA5326 306012 |
| 2nd Chance Investment | 11/2/2021 | 4,473.85 | IN *LIGHTMARK MEDIA ATHENS GA5370 306012 |
| 2nd Chance Investment | 12/1/2021 | 2,976.58 | IN *LIGHTMARK MEDIA ATHENS GA5411 306012 |
| 2nd Chance Investment | 1/4/2022 | 2,523.86 | IN *LIGHTMARK MEDIA ATHENS GA5453 306012 |
| | **Total** | **22,495.44** | |

EXHIBIT 6                                    Page 1 of 1

# EXHIBIT 7

# EXHIBIT 7

**In Re: 2nd Chance Investment Group, LLC**

**Case Number: 8:22-bk-12142-SC**

**Charge/Purchase related to NBCU Owned Stations**

**Source: American Express Statements for Account xx2-91007**

**Date Range: June 11, 2021 to October 12, 2022**

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 6/21/2022 | 20,069.50 | NBCU OWNED STATIONS 212-664-5835 NY |
| | **Total** | **20,069.50** | |

EXHIBIT 7                                             Page 1 of 1

# EXHIBIT 8

# EXHIBIT 8

**In Re: 2nd Chance Investment Group, LLC**

**Case Number: 8:22-bk-12142-SC**

**Charge/Purchase related to Effectv Advertising Solutions**

**Source: American Express Statements for Account xx2-91007**

**Date Range: June 11, 2021 to October 12, 2022**

| Account Name | Date | Amount | Statement Description |
|---|---|---|---|
| 2nd Chance Investment | 10/8/2021 | 18,623.75 | EFFECTV EAST 866-531-1721 PA2021 10 08 00384692880 |
| | **Total** | **18,623.75** | |

EXHIBIT 8                    Page 1 of 1